IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2012 MAY 30 P 5: 14

CLERK'S OFFICE
AT BALTIMORE

BY _____ DY

| | | |
|---|---|---|
| ANTONIO BURRS, # 3047136 | * | |
| Plaintiff | * | |
| v | * | Civil Action No. L-12-1257 |
| WARDEN | * | |
| Defendant(s) | * | |

***

## MEMORANDUM

This case is before the court on a 42 U.S.C. § 1983 complaint filed by Antonio Burrs, an inmate presented confined at the Baltimore City Detention Center awaiting trial.[1] For reasons to follow, the case will be dismissed without prejudice.

On April 24, 2012, Burrs submitted a paper to the Court alleging that a Baltimore City Police Officer fired his gun at him multiple times without "justifiable reason." ECF No. 1. Burrs claims the officer tried to kill him and then "put fake charges out" on him to "cover up why he fired his gun 12 times for no reason." Burrs claims he is falsely imprisoned, suffers "much mental and social pain," and wants damages in the amount of $250,000. Further, he asks this court to "point me in the direction of a pro bono lawyer" to represent him in a class action against the Baltimore City Police Department. *Id.*

Pro se complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978), and federal district courts must liberally construe complaints where, as here the litigant is self-represented. *See Erickson v. Pardus*, 551

---

[1] Burrs is charged with attempted first-degree murder, attempted second-degree murder, first-degree assault, firearms charges and related offenses in the Circuit Court for Baltimore City in case 111001237491.
*See* http://casesearch.courts.state.md.us/inquiry/inquiryDetail.jis?caseId=511167008&loc=69&detailLoc=DSK8.

U.S. 89, (2007); *Hughes v. Rowe,* 449 U.S. 5, 9-10 (1980). When a federal court is evaluating a pro se complaint, a plaintiff's allegations are assumed true. *See Fine v. City of N. Y.,* 529 F.2d 70, 74 (2d Cir.1975). Nevertheless, liberal construction does not mean that this Court can ignore clear failure to allege facts which set forth a federally cognizable claim. *See Weller v. Department of Social Services,* 901 F.2d 387 (4th Cir.1990).

To the extent Burrs wants dismissal of pending charges and release from confinement, his requests are barred from consideration by this Court by the doctrine established by *Younger v. Harris,* 401 U.S. 37 (1971) and its progeny. The *Younger* doctrine holds that, absent extraordinary circumstances, federal courts are not authorized to interfere with a state's pending criminal proceedings. *See, e.g., Younger,* 401 U.S. at 44; *Cinema Blue of Charlotte, Inc. v. Gilchrist,* 887 F.2d 49, 50-53 (4th Cir. 1989). Plaintiff is asking this Court to essentially overrule the state court that has ordered him held for trial pending charges. In other words, he asks this Court to interfere with the ongoing state court process currently pending against him. Burr is presently represented by counsel from the Office of the Public Defender, and does not appear to be foreclosed from raising constitutional claims in state court.

Lastly, there is no basis for the Court to order damages or appoint counsel for Burrs at this time. The Clerk will send send Burrs a prisoner civil rights information and forms packet in the event he wants to later pursue his claims. A separate Order follows.

| | |
|---|---|
| _May 30, 2012_ | _____/s/_____ |
| Date | Benson Everett Legg |
| | United States District Judge |